UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAGOSIAN GALLERY, INC., <br><br> *Plaintiff and Counterclaim Defendant*, <br><br> -v.- <br><br> PELHAM EUROPE, LTD., <br><br> *Defendant and Counterclaimant*. <br><br>――――――――――――――――― <br><br> PELHAM EUROPE, LTD., <br><br> *Third Party Plaintiff* <br><br> -v.- <br><br> LARRY GAGOSIAN, DIANA WIDMAIER-PICASSO, and LEON BLACK <br><br> *Third Party Defendants*. | Civil Action No. <br> 1:16-CIV-214-WHP |

### NOTICE OF SUBPOENA TO SEYDOUX & ASSOCIÉS FINE ART SA

**PLEASE TAKE NOTICE** that pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Gagosian Gallery, Inc. will serve a subpoena, a copy of which is attached hereto, on non-party Seydoux & Associés Fine Art SA ("Seydoux SA"). The subpoena requires that Seydoux SA produce for inspection and copying the documents described in Exhibit 1, Schedule A to the subpoena at the time and place specified therein, and to appear for a deposition on the topics described in Exhibit 1, Schedule B, as indicated. The deposition will be stenographically recorded by a person authorized by law to administer oaths and may be videotaped.

Dated: May 9, 2016
       New York, NY

**DONTZIN NAGY & FLEISSIG LLP**

/s/_Jason A. Kolbe_____
Matthew S. Dontzin
Tibor L. Nagy, Jr.
David A. Fleissig
Jason A. Kolbe

980 Madison Avenue
New York, NY 10075
Telephone: (212) 717-2900
Facsimile: (212) 717-8088
mdontzin@dnfllp.com
tibor@dnfllp.com
rclapp@dnfllp.com

*Attorneys for Plaintiff Gagosian Gallery, Inc.*

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Southern District of New York

| | |
|---|---|
| Gagosian Gallery, Inc. <br> *Plaintiff* <br> v. <br> Pelham Europe, Ltd. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No.  16-cv-00214 |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Seydoux & Associés Fine Arts SA, Rue de Général-Dufour 22, CH-1204 Geneva, Switzerland

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit 1, Schedule B

| Place: LHA Avocats au Barreau de Geneve <br> Rue du Rhone 100, CP 3403 <br> 1211 Geneve 3, Switzerland | Date and Time: <br> 06/08/2016 9:00 am *(or another time and place to be agreed upon by counsel)* |
|---|---|

The deposition will be recorded by this method: Stenographically and by video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See exhibit 1, Schedule A (Request for Documents), to be produced on or before June 8, 2016. Documents are to be produced to LHA Avocats au Barreau de Geneve, Rue du Rhone 100, CP 3403, 1211 Geneve 3, Switzerland.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/06/2016

| CLERK OF COURT | |
|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | OR _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Gagosian Gallery, Inc._____, who issues or requests this subpoena, are:

Jason A. Kolbe, Dontzin Nagy & Fleissig      +1 (212) 717-2900
980 Madison Avenue, New York NY 10075     jkolbe@dnfllp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-cv-00214

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## DEFINITIONS AND INSTRUCTIONS

1. "CPS" refers to the firm of Connery Pissaro Seydoux SA. and all agents, representatives, affiliates, predecessor or successor corporations, or others acting or purporting to act on its behalf.

2. The "Consulting Agreement" refers to the June, 2014 agreement between CPS and Olivier Widmaier-Picasso to provide consulting services to CPS, and all of its surrounding circumstances, including its terms, negotiation, meaning, and communications regarding the foregoing.

3. The "CPS Agreement" refers to the October 2014 letter agreement between CPS and Maya Widmaier-Picasso regarding the Work (as defined below) and executed by Thomas Seydoux on behalf of CPS, and all of its surrounding circumstances, including its terms, negotiation, meaning, and communications regarding the foregoing.

4. The "Discovery Petition" refers to the petition filed by Defendant styled *In re Application of Pelham Europe, Ltd. For Judicial Assistance Pursuant to 28 U.S.C. § 1782*, No. 15 Misc. 0370 (GW) (S.D.N.Y. Nov. 18, 2015).

5. "Financial Arrangements" refers to any compensation, fee, payment, remuneration, commission, salary, gain, profit, return, pecuniary interest or benefit of any kind received by or provided to any person, or expected to be received by or provided to any person.

6. The "French Proceeding" refers to the contempt proceeding brought by Pelham in the High Court of Paris in France against Maya Widmaier-Picasso in an attempt to seize the Work.

7. The "Lawsuit" means the action styled *Gagosian Gallery, Inc. v. Pelham Europe Ltd.*, No. 16 Civ. 214 (WHP) (SDNY Jan. 12, 2016).

8. "Pelham" refers to the Defendant Pelham Europe Ltd. in the Lawsuit (as defined below), and all its owners, principals, agents, representatives, affiliates, predecessor or successor corporations, or others acting or purporting to act on its behalf.

9. The "Pelham Agreement" refers to the November 13, 2014 letter agreement between Defendant and CPS purporting to commemorate an agreement to purchase the Work for €38 million, and all of its surrounding circumstances, including its terms, negotiation, meaning, and communications regarding the foregoing.

10. The "Picassos" refers collectively to Maya Widmaier-Picasso, Diana Widmaier-Picasso, Olivier Widmaier-Picasso, and any other familial relations to Maya Widmaier-Picasso, along with any agents, representatives, affiliates, predecessor or successor corporations, or others acting or purporting to act on behalf of any of the foregoing individuals.

11. "Plaintiff" refers to the named Plaintiff in this Lawsuit, Gagosian Gallery, Inc.

12. "Seydoux SA" refers to the firm of Seydoux & Associés Fine Art SA and all of its agents, representatives, affiliates, predecessor or successor corporations, including, without limitation, CPS, or others acting or purporting to act on behalf of Seydoux SA.

13. The "Swiss Action" refers to the proceeding pending in the Geneva Court of First Instance in Switzerland styled *Pelham Europe Ltd. v. Maya Widmaier-Ruiz-Picasso and Connery Pissaro Seydoux SA*, Reference Number: C/9920/2015-5-C.

14. "Transactions" refers to (a) any purchase, sale, consignment, loan, acquisition, or offer to buy or sell, any artwork, or (b) any agreement, contract, or arrangement to provide services, or any understanding pursuant to which services were provided or were to be provided, in each case between January 1, 2012 and the present.

15. The "Work" refers to the sculpture *Buste de Femme (Marie Thérèse)* (Bust of a

Woman (Marie Thérèse)), Boisgeloup, 1931 (the "Work") by the artist Pablo Picasso.

16.     "You" and "yours" refer to Seydoux SA (as defined above).

17.     You are required to produce all responsive documents within your possession, custody, or control. You must produce documents either as they are kept in the ordinary course of business or organized and labeled to correspond with the categories of the Requests below. See Rule 45(e) of the Federal Rules of Civil Procedure.

18.     In the event you withhold a document on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege from disclosure, you must produce a privilege log that provides the basis for such claim, identifies the document, and identifies the person(s) who prepared it, for whom it was prepared, to whom it was sent, who received or reviewed it, and who now possess it.

19.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. You must then log the redacted portion on a privilege log as described in Paragraph 2, above.

20.     If you are aware that a document within the scope of these Requests once existed but has been destroyed, make a statement to that effect, identify the document, and state who destroyed the document, why .it was destroyed, and the circumstances under which it was destroyed.

21.     If you are aware that a document within the scope of these Requests once existed but has been lost or cannot currently be located, make a statement to that effect, identify the document, and state who was last in possession of the document, the circumstances under which it was lost, and the steps that you have taken to locate the document.

## SCHEDULE A

## DOCUMENTS REQUESTED

Any and all documents relating to, referring to each and every of the following:

1. The CPS Agreement.

2. The Pelham Agreement.

3. The Consulting Agreement.

4. Any Financial Arrangements between You and Pelham in connection with the Work.

5. Any Financial Arrangements between You and Olivier Widmaier-Picasso in connection with the Work.

6. Any Financial Arrangements between Pelham and its Principals in connection with the Work.

7. Transactions between You and Pelham.

8. Any Financial Arrangements in connection with any Transactions between You and Pelham.

9. The dissolution of CPS.

10. The formation of Seydoux SA.

11. The value of the Work.

12. All efforts to value the Work, including any efforts undertaken by You, Pelham, or the Picassos.

13. The existence, form, and location of any documents concerning Topic Nos. 1-12.

14. The identity of any individuals who have knowledge of Topic Nos. 1-13.

**SCHEDULE B**

**TOPICS FOR DEPOSITION**

1. The CPS Agreement.

2. The Pelham Agreement.

3. The Consulting Agreement.

4. Any Financial Arrangements between You and Pelham in connection with the Work.

5. Any Financial Arrangements between You and Olivier Widmaier-Picasso in connection with the Work.

6. Any Financial Arrangements between Pelham and its Principals in connection with the Work.

7. Transactions between You and Pelham.

8. Any Financial Arrangements in connection with any Transactions between You and Pelham.

9. The dissolution of CPS.

10. The formation of Seydoux SA.

11. The value of the Work.

12. All efforts to value the Work, including any efforts undertaken by You, Pelham, or the Picassos.

13. The existence, form, and location of any documents concerning Topic Nos. 1-12.

14. The identity of any individuals who have knowledge of Topic Nos. 1-13.